SANTOCKI *v.* SANTOCKI.

DEEDS — COERCION — FRAUD — UNDUE INFLUENCE — CONSIDERATION
—BURDEN OF PROOF.

> In suit by administrator, son of deceased woman who had been
> dealing in real estate during her last 15 years, to set aside
> deeds to $25,000 worth of real estate to defendant daughter,
> made some three years before her last illness and death, plain-
> tiff *held,* to have failed to sustain his burden of proof of
> coercion, fraud, undue influence and absence of consideration.

Appeal from Wayne; Marschner (Adolph F.), J. Submitted October 16, 1947. (Docket No. 93, Calendar No. 43,549.) Decided December 3, 1947.

Bill by Stanley J. Santocki, administrator of the estate of Rose Santocki, deceased, against Jennie Santocki and others to set aside transfer of real estate, and for injunction and an accounting. Bill dismissed. Plaintiff appeals. Affirmed.

*Lowery B. Hicks* and *John W. L. Hicks,* for plaintiff.

*Frank G. Schemanske,* for defendants.

BUSHNELL, J. Plaintiff Stanley J. Santocki is the administrator of the estate of his mother, Rose Santocki, who died on March 12, 1939, at the age of 72. Her heirs at law are plaintiff and his sisters, Jennie Santocki and Mary Josephine Mack. During her earlier years, Mrs. Santocki was a professional

---

Coercion and undue influence as affecting right to restitution, see
Restatement, Restitution, chap. 3, scope note.

midwife. She also bought and sold real estate, this being her principal vocation for about the last 15 years of her life. According to plaintiff's testimony, she had bought and sold about 100 parcels of property. He testified that at one time she was probably worth a half million dollars. On cross-examination, however, he changed this estimate to upwards of $100,000. The record indicates that she was obviously an unusually active, experienced, and capable woman.

Defendant Jennie Santocki did not marry until after her mother's death. During the mother's lifetime she worked steadily and, according to her testimony, gave all of her earnings to her mother, thereby providing the larger part of the capital for the real estate operations.

An attorney testified that when he prepared a deed transferring some property to Jennie, that Mrs. Santocki gave as her reason for the transfer, "that the other children left home early, married, and took care of themselves, and Jennie was the one that was working and helping her out to keep the property in shape, that is, pay the taxes and other incidental obligations thereto."

The record shows that Stanley married at an early age and, since then, had not lived with his mother, and that at one time there was considerable difficulty between the mother and son. There is no showing that he ever rendered any assistance to the deceased, but, on the contrary, had received financial help from her. Although he claimed that the family did not let him know about his mother's last illness, he apparently, until the time of trial, was not aware of the cause of her death, who attended her, or in what hospital she died. The other daughter, Mary Josephine Mack, the eldest of the family, testified that, before her mother's death,

she asked her several times if she wanted to see Stanley, saying that he would be very glad to come, and that her mother refused and insisted that she did not want to see him.

Between 1931 and 1936 Mrs. Santocki conveyed the real property now in question to her daughter Jennie, who, on February 25, 1936, conveyed to her mother a life interest in the home property on Central avenue. There is nothing in the record to indicate that during these years Mrs. Santocki was other than a healthy, vigorous woman, of full mental capacity. Several real estate agents with whom she did business testified that they saw nothing unusual in her actions, that she fully understood the conveyances that she made to her daughter and at the time explained her reasons for making them.

On January 20, 1939, just about six weeks prior to her mother's death, but before her last illness, Jennie transferred some of these properties to her nephew, George Mack, the son of her sister Mary.

After plaintiff's appointment as administrator, he discovered there was virtually no property of the decedent subject to probate, and on August 8, 1940, he filed a bill of complaint in which he charged that his sister Jennie, "by means of coercion, fraud, and undue influence, and without consideration, procured the signature of the said deceased to certain deeds of conveyance to her," *viz.,* 6 parcels of real estate valued at upwards of $25,000. He also charged that when the several conveyances were made, defendant realized that her mother was not mentally competent and, therefore, that the subsequent conveyances by defendant to others are void and of no effect.

The death certificate received in evidence shows that the principal cause of Mrs. Santocki's death was: "Agranulocytic Angina; duration, 1 week."

Plaintiff has appealed from a decree dismissing his bill of complaint. He contends that this decree is ''contrary to the law and facts, the equities therein, and against the great weight of the evidence.''

*Schneider* v. *Vosburgh,* 143 Mich. 476, which has been repeatedly cited, is applicable to the facts disclosed in this record. In *Re Hannan's Estate,* 315 Mich. 102, is collected a number of authorities on this subject. See pages 122 *et seq.* Applying the standards in the *Schneider* and *Hannan Cases* to the instant facts, we conclude that there is no doubt that on some occasions during the intimate companionship between Mrs. Santocki and her daughter Jennie, forces might have been operating which could have induced the mother to convey property to the daughter. But the conclusion is also inescapable that the mother was a strong-minded, capable woman, and that more than mere opportunity or companionship would be required to coerce her into action contrary to her desire. No testimony was produced to indicate that the daughter exercised or attempted to exercise any control or coercion over her mother. On the contrary, it is apparent that the mother did exactly as she wanted to do. Nor does the record show any break down of her physical or mental capacity by reason of age or illness; nor did she at any time seek to set aside the conveyances in question. Plaintiff has not sustained the burden of proof.

Appellant insists in his argument that the burden is on the defendant grantee to establish mental capacity and lack of undue influence and fraud. Such authorities cited by plaintiff, in which the grantor was attempting to set aside the conveyance, or where the conveyance in question was given in consideration of the promise of support and care,

are beside the point.   The decree is affirmed, with costs to appellees.

CARR, C. J., and BUTZEL, SHARPE, BOYLES, REID, NORTH, and DETHMERS, JJ., concurred.